■ In the Matter of the Claim of Alvin J. Wessels, Appellant, v. Fulton County Highway Department, Respondent. Workmen's Compensation Board, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board which disallowed "on the grounds of no accident, no statutory notice and no causal relation" a claim for disability attributed to back sprain. Claimant asserts that a fellow employee placed two 100-pound bags of salt upon claimant's shoulder, that his knees buckled but he straightened up and carried the bags some 20 feet and dumped them where bags were being piled and continued with the same work; that about two weeks later he first experienced pain; that almost five months after the alleged accident he first consulted a physician; that he reported the incident to a superior, one Leek, on the day that it occurred or a week or two later. One of the several coem-

ployees said by claimant to have been present testified to the incident as claimant described it; but, of course, the board was not bound to accept his testimony or that of claimant and could properly find, as it did, that accident had not been proven. Similarly, the board was entitled to, and did, reject claimant's testimony as to notice, which was countered by that of Mr. Leek, whose recollection was that claimant first mentioned the incident six or seven months later and who said that he customarily recorded all oral and informal reports of accidents coming to his attention. It was proven, without objection, that claimant had previously, over a period of years, reported some 17 accidents to this same employer, from which the Referee was asked to infer claimant's familiarity with reporting requirements. Finally, it was, of course, within the board's province to accept the denial of causal relation by the orthopedist who testified and who, indeed, although compensated by the carrier, had been selected by claimant's physician. Decision unanimously affirmed, without costs. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.